

**FILED**
**Jun 01, 2023**
**03:01 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **James Yow,** | ) | **Docket No.: 2022-08-1050** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No.: 33104-2020** |
| **Lowe's Investment Corporation,** | ) | |
| **Self-Insured Employer.** | ) | |
| | ) | **Judge Thomas Wyatt** |

---

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

James Yow requested an expedited hearing based on a review of the record, and Lowe's Investment Corporation did not object. The Court holds it has sufficient information to proceed without an evidentiary hearing.

The primary issue is whether Lowe's must provide a new panel of physicians because Mr. Yow moved from Memphis to Pensacola, Florida. Lowe's argued that it does not because Mr. Yow's current authorized physicians do not anticipate future treatment for his work injuries. It further argued that Mr. Yow's request for panels is not ripe for decision.

For the reasons below, the Court orders Lowe's to give Mr. Yow a new panel of neurologists or honor the neurologist referral made by the physician in Pensacola. The Court also awards Mr. Yow attorney's fees for wrongful denial of his request for new panels and refers Lowe's to the Bureau's Compliance Program for consideration of a penalty for failure to provide the requested panel.

### History of Claim

Mr. Yow suffered head and nasal injuries at work on May 27, 2020, and Lowe's authorized treatment with neurologist Dr. Wilbourne and nasal surgeon Dr. Staffel. Both physicians completed Final Medical Reports stating that they did not anticipate Mr. Yow

1

would need future treatment. Mr. Yow later moved from Memphis to Pensacola, and his lawyer asked for new panels by email on August 5, 2022. The adjuster denied the request based on the authorized physicians' final reports.

Mr. Yow argued that the law entitles him to future medical benefits despite the physicians' statements. Lowe's attorney responded that while the physicians' opinions did not conclusively resolve the future medical benefits issue, Lowe's has a right to review these requests on a case-by-case basis.

Lowe's asked Mr. Yow if he needed treatment. On August 22, Mr. Yow confirmed that he did. Four days earlier, Mr. Yow had sought care for his work injuries through an emergency room in Pensacola.

The emergency room records said Mr. Yow had a seven-day history of vision changes, including blurred vision and seeing bright colors after looking away from bright objects. They also noted his complaints of intermittent dizziness, "feeling foggy," and sound sensitivity. The emergency providers recorded his history of having "suffered a closed head injury 2 years ago while living outside of Memphis that resulted in a concussion and nasal reconstruction." They diagnosed atypical migraine headaches with a history of a closed head injury and treated him with medication. They discharged him with instructions to "follow-up with Dr. Lawrence King, neurologist . . . for patient follow-up/further evaluation and management."[1]

Mr. Yow filed this case seeking the requested panels, payment for his treatment in Pensacola, attorney's fees for wrongful denial of benefits, and referral of Lowe's for consideration of penalties for its failure to provide him panels of physicians in Pensacola.

Lowe's raised two defenses: (1) it is exempt from providing the requested panels because the treating physicians in Memphis anticipated no future treatment; and (2) Mr. Yow failed to prove he needs specific treatment for his work injuries; thus, his request for panels is not ripe for decision.

Lowe's sent questionnaires to Drs. Wilbourne and Staffel regarding Mr. Yow's need for treatment of his work injuries. The questionnaire to Dr. Wilbourne asked the following:

- Having evaluated and treated Mr. Yow, do you opine, to a reasonable degree of medical certainty, that Mr. Yow's headaches, neuralgia, and causalgia are more likely than not, (i.e., greater than 50.1%), *related* to the work incident on May 27, 2020?
- Considering that there has been no anatomical change in Mr. Yow's

---

[1] Mr. Yow introduced some bills, but the record is unclear about the financial arrangements for the emergency visit. Part of the treatment may have been paid by health insurance and part may remain unpaid.

headaches, neuralgia, and causalgia conditions, do you anticipate that if Mr. Yow will need future medical treatment, it will be for a personal reason and in no manner related to his work-related injury? and

- Considering that there has been no anatomical change in Mr. Yow's headaches, neuralgia, and causalgia conditions, do you opine, to a reasonable degree of medical certainty, that if Mr. Yow continues to need treatment in his new residential community, it will be for a personal reason and in no manner related to his work-related injury?

The questionnaire to Dr. Staffel asked the latter two questions above, except that his questionnaire removed reference to the diagnoses described in the questions to Dr. Wilbourne. Both physicians checked "Yes" to each question without explanation.

Mr. Yow objected to the admission of the physician questionnaires because Lowe's did not divulge the correspondence and other information it sent the physicians to solicit their responses. The Court overruled the objections because they went to the weight given the responses instead of their admissibility into evidence.

## Findings of Fact and Conclusions of Law

In a workers' compensation case, the employee bears the burden of proving all elements of the claim, including that he requires treatment for his work injury. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, the employee must show that he will likely prevail at a hearing on the merits in proving his entitlement to the requested benefits, including medical benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

Here, Mr. Yow seeks new panels for ongoing treatment of his work injuries in Pensacola after moving there from Memphis. Lowe's denied his request because his current authorized physicians do not anticipate further work-related treatment of his injuries. The Court holds Lowe's must give Mr. Yow a new panel of neurologists or, it does not, authorize treatment by the referral neurologist or any other neurologist that he selects. The Court awards Mr. Yow his attorney's fees and refers Lowe's to the Bureau's Compliance Program for assessment of a civil penalty for failure to provide the requested panel.

Historically, workers' compensation laws are described as "grand bargains." This bargain is exemplified by the employer's obligation to pay for treatment made reasonably necessary by the work injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). In return, the employee must receive treatment from a physician selected from a panel compiled by the employer. The employer's panel must include physicians "in the injured employee's community" if possible. *Id*. at § 50-6-204(a)(3)(A)(i).

Tennessee law addresses what happens when an injured employee moves to a new residential community during treatment. Section 50-6-204(a)(3)(F) states, "*In all cases when an employee changes the employee's community of residence* after selection of a physician [from a panel], the employer *shall* provide the employee, upon written request, a new panel of reputable physicians . . . from which the injured employee shall select [a treating physician.]" (Emphasis added).

Here, Mr. Yow proved that he will likely prevail at trial in showing his entitlement to receive panels of physicians in Pensacola. He complied with the statute by requesting the new panels in writing three times between August 5 and 22, 2022. Further, he will likely prevail at trial in showing that he needs treatment for his work injury, as the providers in Pensacola diagnosed atypical migraines after a history of a closed head injury, treated him with medication, and referred him for follow-up with a neurologist.[2]

Lowe's argument that it is exempted from providing the requested panel because the authorized physicians in Memphis did not anticipate future treatment is without merit. The statutory obligation of an employer to provide a new panel when a relocated employee makes a written request for this relief is mandatory and without exception. The statute states that the employer *shall* provide the requested panel *in all cases when an employee changes the employee's community of residence.* The general assembly's use of the term "all cases" means that every employee who moves to a new community and makes a written request for a new panel of treating physicians must receive the requested panel.[3]

Lowe's also argued that its denial of Mr. Yow's request for a new panel is justified under *Smith v. Intex Enters.,* No. 2009-02557-WC-R3-WC, 2011 Tenn. LEXIS 194 (Tenn. Workers' Comp. Panel Mar. 7, 2011), where the Supreme Court Panel overturned an award of medical benefits because the issue was not ripe for decision.

The employee in *Smith* injured the same body part twice while working for different employers. She kept medical benefits open in a settlement on the earlier injury but closed them when she settled the second case. The case on appeal involved the employee's attempt to receive treatment under the first settlement.

The trial court awarded medical benefits. The Panel reversed, holding the only medical report in the record did not identify a specific treatment that the physician

---

[2] The only closed head history considered by the providers in Pensacola was the one Mr. Yow received in Memphis two years previously, which resulted in a concussion and nasal reconstruction. Mr. Yow received this injury on the job at Lowe's.

[3] Though not relevant under section 50-6-204(a)(3)(F), the Court gives no weight to the questionnaires signed by the Memphis physicians. The physicians gave these opinions without seeing Mr. Yow. Further, the questions in the questionnaire were prefaced by stating that Mr. Yow had experienced no anatomical change since the Memphis physicians last saw him. This record contains no evidence to support the statement regarding Mr. Yow's anatomical condition at the time the physicians signed the questionnaires.

recommended for the injury. The Panel explained, "A claim is not ripe for adjudication if it rests upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Id.* at *9.

*Smith* does not justify Lowe's inaction here. While the Memphis physicians may not have anticipated future treatment, the providers in Pensacola, who have most recently seen Mr. Yow, did. They treated Mr. Yow with medication and referred him to a neurologist for follow-up care. For that reason, the facts here are distinct from those in *Smith,* and Lowe's reliance on that decision to deny Mr. Yow's written request for a new panel was wrongful.

Thus, Lowe's must give Mr. Yow a new panel of neurologists in Pensacola or, if it does not, pay for treatment with Dr. King, the neurologist recommended by the emergency physician, or any neurologist that Mr. Yow selects. "An employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own." *Ducros v. Metro Roofing and Metal Supply Co.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017). Lowe's shall promptly comply with the decision within the time for compliance below.[4]

Mr. Yow also seeks attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B), which allows a court to award fees and costs when the employer "[w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee . . . is entitled under this chapter[.]" The statute states that "'wrongfully' means erroneous, incorrect, or otherwise inconsistent with the law and facts."

Here, Lowe's wrongfully denied Mr. Yow his mandatory right to receive a panel for future treatment of his work injuries in his new residential community. The statute clearly states that the employee is entitled to the new panel "in all cases" when he makes a "written request" for the panel. *Id*. at § 50-6-204(a)(3)(F).

Lowe's received Mr. Yow's written request for a new panel three times. Instead of complying with the statute, it wrongfully and incorrectly threw up barriers to Mr. Yow receiving his lawful panel. Lowe's wrongful decision to deny Mr. Yow his requested panel necessitated his emergency treatment and frustrated his receipt of follow-up neurological care recommended by the physician in Pensacola. This forced Mr. Yow to hire an attorney to prosecute this expedited hearing so that he could receive what the law clearly entitles him.

In considering Mr. Yow's claim for attorney's fees, the Court is mindful that the

---

[4] Mr. Yow also seeks an order requiring Lowe's to pay for the treatment he received in Pensacola. At this time, the Court denies this relief for insufficiency of evidence.

Appeals Board has held that these claims generally are better addressed at a compensation hearing, where the parties have had the opportunity to fully develop proof. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at \*28 (Jan. 30, 2018). However, the Board in *Thompson* upheld an award of attorney's fees after an expedited hearing because the issue there—the employer's failure to authorize the treating physician's pain management referral—was sufficiently clear to allow the parties to fully prepare their positions at the expedited hearing. *Id.* at \*29-31.

The Court holds this case involves an issue of sufficient clarity to allow full preparation by the parties at the expedited hearing. In fact, the issue here concerns nothing more than the failure of Lowe's to comply with a clear statutory obligation. For that reason, the Court awards Mr. Yow attorney's fees under section 50-6-226(d)(1)(B). Attorney Patrick shall promptly file a petition for fees including itemization of the time he spent in pursuing Mr. Yow's request for a new panel, the hourly rate he seeks, and other documentation related to the attorney fee request.

Finally, Mr. Yow requested a penalty referral. Tennessee Code Annotated section 50-6-118 empowers the Bureau of Workers' Compensation to assess and collect penalties for several reasons, including the "[f]ailure of an employer to timely provide a panel of physicians that meets the statutory requirements of this chapter."

As described above, Lowe's denied three written requests for a panel of physicians located in Mr. Yow's new residential community. In doing so, it violated Tennessee Code Annotated section 50-6-204(a)(3)(F). Thus, the Court refers Lowe's to the Bureau's Compliance Program for consideration of the assessment of a penalty under section 50-6-118.

**IT IS, THEREFORE, ORDERED** as follows:

1. Lowe's shall give Mr. Yow a panel of neurologists practicing in the Pensacola area. If it fails to do so, Mr. Yow may begin treating with Dr. King or any other neurologist he selects, and Lowe's shall pay the costs of treatment.

2. Lowe's shall pay attorney's fees for Attorney Patrick's time and costs expended in pursuing the panels requested by Mr. Yow. Attorney Patrick shall promptly petition the Court for the fees and expenses he requests.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of the entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCComplianceProgram@tn.gov no later than the seventh business day after entry of this order. Failure to submit the necessary

6

confirmation within the period of compliance might result in a penalty assessment for non-compliance.

4. This case is referred to the Bureau's Compliance Program for consideration of the assessment of a penalty against Lowe's under Tennessee Code Annotated section 50-6-118.

5. This case is set for a Status Hearing on **October 6, 2023**, **at 1:00 a.m. Central Time/2:00 a.m. Eastern Time**.  The parties must call (615) 741-3061 or toll-free at (855) 747-1721 to participate.  Failure to call might result in a determination of the issues without the party's participation.

**ENTERED June 1, 2023.**

*Thomas Wyatt*

_____
**JUDGE THOMAS WYATT**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Emails between counsel
2. Records of Ascension Sacred Heart—Pensacola Hospital
3. Billing information
4. Affidavit of James Yow
5. Medical Questionnaire of Dr. Staffel
6. Medical Questionnaire of Dr. Wilbourne
7. Final Medical Report of Dr. Staffel
8. Final Medical Report of Dr. Wilbourne

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, including documents stating the additional issues of the parties
3. Request for Expedited Hearing with a decision on the record
4. Notice of filing of request for a decision on the record
5. Employee's position statement
6. Employer's Notice of Filing of Medical Questionnaires
7. Employer's Brief
8. Docketing Notice of April 21, 2023 hearing
9. Employee's Objection to Employer's Filed Medical Questionnaires
10. Employer's Pre-Hearing Brief
11. Employee's Brief for Decision on the Record

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on June 1, 2023.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|----------------|------------------|-----------|------------------|
| Charles Patrick, Employee's Attorney | | | X | cpatrick@forthepeople.com cc: ccritter@forthepeople.com |
| Allison Tomey, Employer's Attorney | | | X | aptomey@mijs.com cc: abhaley@mijs.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____        2. Address: _____

3. Telephone Number: _____        4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____             _____

_____             _____

_____             _____

_____             _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____